UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| RYAN WARREN-HUNT, | Case No. 2:25-cv-00260-GMN-BNW |
| Petitioner, | |
| v. | ORDER |
| RONALD OLIVER, et al., | |
| Respondents. | |

Petitioner Ryan Warren-Hunt commenced this habeas action by submitting a Petition for Writ of Habeas Corpus (ECF No. 1-1) and Motion for Counsel (ECF No. 1-2). The Court dismissed this action without prejudice based on Warren-Hunt's failure to comply with the Court's Order instructing him to file a complete IFP Application or pay the filing fee. ECF No. 4. Warren-Hunt has since paid the filing fee. ECF No. 9. The Court grants Warren-Hunt's Motion to Reopen (ECF No. 7) and reopens this matter for initial review under the Rules Governing Section 2254 Cases. For the reasons discussed below, the Court finds the appointment of counsel is in the interests of justice, and provisionally appoints the Federal Public Defender to represent Warren-Hunt in this case.

**Background**

Warren-Hunt challenges a conviction imposed by the Eighth Judicial District Court. *State of Nevada v. Warren-Hunt*, Case No. C-18-336978-1.[1] On March 31, 2020, the state court entered a judgment of conviction for seven counts of Robbery With Use of A Deadly Weapon, one count of Burglary With Use of A Deadly Weapon, and one count of Conspiracy to Commit Robbery. The state court sentenced Warren-Hunt to an aggregate term of 16 to 75 years. The Nevada Court of Appeals affirmed the judgment of conviction. Warren-Hunt filed a state habeas

---

[1] The Court takes judicial notice of the online docket records of the Eighth Judicial District Court and Nevada appellate courts. The docket records may be accessed by the public online at: https://www.clarkcountycourts.us/Anonymous/default.aspx and at: http://caseinfo.nvsupremecourt.us/public/caseSearch.do.

postconviction Petition and the Nevada Court of Appeals affirmed the denial of relief.

On February 6, 2025, Warren-Hunt initiated this federal habeas case alleging claims of ineffective assistance of counsel. ECF No. 1-1.  The Court instructed Warren-Hunt to either file a complete IFP Application or to pay the filing fee. ECF No. 3.  Because he did not comply with the Court's Order, the Court dismissed his Petition without prejudice. ECF No. 4.  He then filed a Motion to Reopen as well as a Motion for Status Check. ECF No. 7, 10.  As the Court is granting and conducting an initial screening of his Petition, the Court denies his Motion for Status Check as moot.

## Discussion

Pursuant to Habeas Rule 4, the assigned judge must examine the habeas petition and order a response unless it "plainly appears" that the petitioner is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019).  This rule allows courts to screen and dismiss petitions that are patently frivolous, vague, conclusory, palpably incredible, false, or plagued by procedural defects. *Boyd v. Thompson*, 147 F.3d 1124, 1128 (9th Cir. 1998); *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (collecting cases).

Turning to Warren-Hunt's Motion for Counsel, there is no constitutional right to appointed counsel in a federal habeas corpus proceeding. *See Luna v. Kernan*, 784 F.3d 640, 642 (9th Cir. 2015) (citing *Lawrence v. Florida*, 549 U.S. 327, 336-37 (2007)).  However, an indigent petitioner may request appointed counsel to pursue that relief. *See* 18 U.S.C. § 3006A(a)(2)(B).  The decision to appoint counsel is generally discretionary. *Id.* (authorizing appointment of counsel "when the interests of justice so require").  But counsel must be appointed if the complexities of the case are such that denial of counsel would amount to a denial of due process, and where the petitioner is so uneducated that he or she is incapable of fairly presenting his or her claims. *See La Mere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987); *Brown v. United States*, 623 F.2d 54, 61 (9th Cir. 1980).

The Court finds that appointment of counsel in this case is in the interests of justice. Warren-Hunt is serving lengthy consecutive sentences.  In addition, his Petition may raise relatively complex issues, including timeliness and exhaustion issues, and it is unclear whether

he will be able to adequately articulate his claims in proper person with the resources available to him. Therefore, Warren-Hunt's Motion for Counsel is granted.

### Conclusion

**IT IS THEREFORE ORDERED:**

1. Petitioner Ryan Warren-Hunt's Motion to Reopen (ECF No. 7) is granted.
2. Petitioner Warren-Hunt's Motion for Status Check (ECF No. 10) is denied as moot.
3. Petitioner Warren-Hunt's Motion for Counsel (ECF No. 1-2) is granted.
4. The Federal Public Defender is provisionally appointed as counsel and will have 30 days to undertake direct representation of Petitioner or to indicate the office's inability to represent Petitioner in these proceedings. If the Federal Public Defender is unable to represent Petitioner, the Court will appoint alternate counsel. The counsel appointed will represent Petitioner in all federal proceedings related to this matter, including any appeals or certiorari proceedings, unless allowed to withdraw. A deadline for the filing of an amended petition and/or seeking other relief will be set after counsel has entered an appearance. The Court anticipates a deadline of approximately 90 days from entry of the formal order of appointment.
5. Any deadline established and/or any extension thereof will not signify any implied finding of a basis for tolling during the time period established. Petitioner at all times remains responsible for calculating the running of the federal limitation period and timely presenting claims. That is, by setting a deadline to amend the petition and/or by granting any extension thereof, the Court makes no finding or representation that the petition, any amendments thereto, and/or any claims contained therein are not subject to dismissal as untimely. *See Sossa v. Diaz*, 729 F.3d 1225, 1235 (9th Cir. 2013).
6. The Clerk of Court is directed to add Nevada Attorney General Aaron D. Ford as counsel for Respondents and to provide Respondents an electronic copy of all items previously filed in this case by regenerating the Notice of Electronic Filing to the office of the AG only. Respondents' counsel must enter a notice of appearance

within 21 days of entry of this order, but no further response will be required from Respondents until further order of the Court.

7. The Clerk of Court is further directed to send a copy of this order to the *pro se* Petitioner, the Nevada Attorney General, the Federal Public Defender, and the CJA Coordinator for this division.

DATED:   July 16, 2025

_____
GLORIA M. NAVARRO
UNITED STATES DISTRICT JUDGE